UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,        Civil No.

v.                                Honorable

2019 Dodge Charger
4D SRT Hellcat,
VIN 2C3CDXL91KH653718,

        Defendant *in Rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Michael El-Zein, Assistant United States Attorney, and for its Complaint for Forfeiture states:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 21 U.S.C. § 853.

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by

the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(a), (b), and (c) because the action accrued and the Defendant *in rem* was seized and remains in the Eastern District of Michigan.

6. The Defendant *in rem* is a 2019 Dodge Charger 4D SRT Hellcat, VIN 2C3CDXL91KH653718 ("Defendant Vehicle").

## UNDERLYING CRIMINAL STATUTES

7. 21 U.S.C. § 841(a)(1) prohibits the manufacture, distribution, or dispensation, or possession with intent to manufacture, distribute, or dispense, a controlled substance.

8. 21 U.S.C. § 846 prohibits the attempt, or conspiracy to commit, *inter alia,* an offense under 21 U.S.C. § 841(a)(1).

## CIVIL FORFEITURE STATUTE

9.  21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of controlled substance crimes, or which was used or intended to be used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them . . . All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances].

21 U.S.C. § 881(a)(6).

## GENERAL ALLEGATIONS

10.  In July 2020 the Detroit Police Department ("DPD") advised the Drug Enforcement Administration that an individual named Reginald Louis Williams was a known member of the street gang Across the Bridge ("ATB"), which was involved with drug trafficking, carjacking, homicide, and other criminal activities. Williams and other gang members were distributing marijuana, pills, and other unknown narcotics throughout the 10th Precinct.

11.  On August 3, 2020, DPD observed a 2019 Dodge Charger

being operated at a high rate of speed. A DPD query of a law enforcement database revealed that the vehicle was registered to Shontae Lakeisha Rodriguez.

12. Officers followed the vehicle as it stopped at an Exxon gas station, and observed the driver, Yousseff Balewei, a known associate of ATB, exit the vehicle and enter the gas station. Officers approached the vehicle and ordered the passenger, later identified as James Henderson, to exit the vehicle. Henderson is also a known associate of ATB. An officer observed a Glock 27 pistol in the door handle of the passenger-side door.

13. A search of the vehicle by DPD and DEA discovered phones, prescription drugs, pill bottles found in the middle compartment, and a second firearm, a Glock 23 .40 caliber pistol, located on the driver's side floorboard. Henderson was also found to have $4,011 U.S. Currency and assorted jewelry valued at $87,000 on his person.

14. DEA arrested both Henderson and Balewei, and the Defendant Vehicle was impounded.

15. A DEA agent contacted Shontae Lakeisha Rodriguez about the vehicle, and during a subsequent interview, Rodriguez told the

agent that Balewei was her friend and she had lent him the Defendant Vehicle. When the agent asked Rodriguez when she purchased the vehicle, how much she paid, and where she purchased it, Rodriguez said she did not know, leading the agent to conclude that Rodriguez was only a straw purchaser of the Defendant Vehicle, and Balewei was the true owner. During this simple line of questioning, Rodriguez became nervous, started stuttering her words, and advised that she would have her attorney call to discuss the matter further.

16. Agents are aware through training and experience that a straw purchase is common among drug traffickers who are trying to purchase high end assets with cash, but don't have the legitimate income to otherwise prove where the payment for the asset derived from (in this scenario, suspected drug proceeds) and want to conceal the true owner and source of the funds.

17. The Defendant Vehicle was purchased for $25,150 on July 6, 2020. Rodriguez did not file income taxes with the state of Michigan in 2018. In 2019, she claimed an adjusted gross income of $14,998.

18. As a result, the Defendant Vehicle is forfeitable to the United States pursuant to 21 U.S.C. § 853.

## COMPANION CRIMINAL CASE

19.     There is a companion criminal case in the Eastern District of Michigan, *United States v. James Henderson, et al.,* Case No. 20-cr-20351, Michelson, J.

## CLAIM FOR RELIEF

20.     Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 19 above, including any subparagraphs thereunder.

21.     The Defendant *in rem* was used to facilitate violations of 18 U.S.C. §§ 841 and 846 and is therefore subject to federal forfeiture pursuant to 21 U.S.C. § 881.

## CONCLUSION

Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the Defendant *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the aforementioned Defendant *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as

this Court may deem just and proper, together with the costs and disbursements of this action.

                                  Respectfully submitted,

                                  Saima S. Mohsin
                                Acting United States Attorney

                                <u>s/MICHAEL EL-ZEIN</u>
                                MICHAEL EL-ZEIN
                                Assistant United States Attorney
                                211 W. Fort Street, Ste. 2001
                                Detroit, MI 48226
                                (313) 226-9770
                                michael.el-zein@usdoj.gov
                                P79182

Dated: March 13, 2021

## **VERIFICATION**

I, Kenneth J. Meier, state that I am a Special Agent with the U.S. Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true and correct based upon knowledge possessed by me and/or upon information received from other law enforcement officers.

_____
Kenneth J. Meier, Special Agent
U.S. Drug Enforcement Administration

Dated: